FILED IN OPEN COURT

11-4-10

TIMOTHY M. O'BRIEN, CLERK

BY _____
DEPUTY CLERK

IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,      )      NO. 09-40041-02 JAR
              Plaintiff,       )
                               )
        v.                     )      PETITION TO ENTER PLEA
                               )      OF GUILTY AND ORDER
                               )      ENTERING PLEA
 *Alfonso Rubio-Ayala*         )      [Federal Rules of Criminal
              Defendant.       )      Procedure, Rules 10 and 11]

        The defendant represents to the Court:

        (1)   My full true name is: _Alfonso Rubio-Ayala_.
I am _27_ years of age. I have completed _6th_ grade. I request that all proceedings against me be in my true name.

        (2)   I am represented by a lawyer, his name is:

        _Stephen W. Kessler_.

        (3)   I received a copy of the Indictment[1] before being called upon to plead. I read the Indictment and have discussed it with my lawyer. I fully understand every charge made against me.

        (4)   I told my lawyer all the facts and circumstances known to me about the charges made against me in the Indictment. I believe that my lawyer is fully informed on all such matters.

        (5)   I know that the Court must be satisfied that there is a factual basis for a plea of "GUILTY" before my plea can be accepted. I represent to the Court that I did the following acts in connection with the charges made against me in Count(s) _I - Conspired_ _with others to possess with intent to distribute over 500 grams of_ _methamphetamine as set out in the written plea agreement_.

        (6)   My lawyer has counseled and advised me on the nature of each charge, on all lesser included charges, and on all possible defenses that I might have in this case.

        (7)   I know that I have the right to plead "NOT GUILTY" to any offense charged against me. If I plead "NOT GUILTY" I know the Constitution guarantees me: (a) the right to a speedy and public trial by a jury; (b) at that trial, and at all stages of the proceedings, the right to the assistance of a lawyer; (c) the right to see and hear all witnesses called to testify against me, and the right to cross-examine those witnesses; (d) the right to use the power and process of the Court to compel the

---

[1] *"Indictment" also includes "Information."*

production of any evidence, including the attendance of any witnesses in my favor; and (e) the right not to be compelled to incriminate myself by taking the witness stand, and if I do not take the witness stand, no inference of guilt may be drawn from such decision.

(8)   I know that if I plead "GUILTY," I am thereby waiving my right to a trial, and that there will be no further trial of any kind, either before a Court or jury; and further, I realize the Court may impose the same punishment as if I had pleaded "NOT GUILTY," stood trial, and been convicted by a jury.

(9)   I know that if I plead "GUILTY," the Court will ask me questions about the offense(s) to which I have pleaded, and since I will be answering these questions under oath, on the record, and in the presence of my lawyer, that my answers may later be used against me in a prosecution for perjury or false statement.

(10)   My lawyer informed me that the plea of "GUILTY" could subject me to a mandatory minimum sentence of not less than __/()__ years (if applicable) and to a maximum punishment which, as provided by law, is __life__ years to be followed by a term of supervised release of at least __5__ years on (Title 21 Drug Offense) and not to exceed _____ years (greater of 18 U.S.C. § 3583(b) or Title 21 Drug Offense), and a fine of not less than $_____ nor more than $__4,000,000__ (which may accrue interest if not paid at time of sentencing) for the offense(s) charged in Count(s) _____ of the Indictment or Information. I have also been informed that should the Court find me in violation of the supervised release term, the term could be revoked and an additional term of imprisonment not to exceed _____ years may be imposed. I have also been informed that the Court may order me to make restitution in compliance with 18 U.S.C. § 3663 and § 3664 or as a condition of supervision, if such is ordered under 18 U.S.C. § 3563, in addition to any other penalty provided by law. I further understand that if I am pleading "GUILTY" to an offense which is subject to the Sentencing Reform Act, I cannot be released on parole and, if imprisonment is ordered in my case, the sentence imposed by the Court will be the sentence I serve less any good time credit if I earn it.

(11)   I know that in addition to any other penalty imposed, including any fine or restitution order, the Court is required to impose a special monetary assessment in the amount of $_____.

$__00__ for each count in which the offense occurred after April 24, 1996. (Not less than $100.00 for a felony, $25.00 for a Class A misdemeanor; if the defendant is other than an individual the assessment is not less than $400.00 for a felony and $100.00 for a Class A misdemeanor). I UNDERSTAND THIS SPECIAL ASSESSMENT MUST BE PAID AT THE TIME OF THE SENTENCING HEARING UNLESS THE COURT DIRECTS OTHERWISE.

(12)   I understand that if my case involves drug trafficking or drug possession, the Court may deny or suspend my eligibility to receive federal benefits pursuant to 21 U.S.C. § 862, except for those specifically exempted. I understand that if this is my second or subsequent conviction for possession of a controlled substance, the Court may order me to complete drug treatment or community service as specified in the sentence as a condition for reinstatement of benefits.

(13)   I know that the Court may also order, in addition to the penalty imposed, that I give reasonable notice and explanation of the conviction, in such form as the Court may approve, to the victims of the offense.

(14) I have been advised and understand that if I am not a U.S. citizen, a conviction of a criminal offense may result in deportation from the United States, exclusion from admission to the United States, and/or denial of naturalization.

(15) If I am on probation or parole in this or any other Court, I know that by pleading guilty here, my probation or parole may be revoked and I may be required to serve time in that case, which will be consecutive, that is, in addition to any sentence imposed upon me in this case.

(16) I declare that no officer or agent of any branch of government (federal, state, or local) has promised, suggested, or predicted that I will receive a lighter sentence, or probation, or any other form of leniency if I plead "GUILTY," except as follows:

<u>My attorney did discuss how the Sentencing Guidelines may apply in my case.</u>

If anyone else, including my attorney, made such a promise, suggestion, or prediction, except as noted in the previous sentence, I know that he had no authority to do so.

I know that the sentence I will receive is solely a matter within the control of the Judge. I do understand that there is no limitation on the information the Judge can consider at the time of sentencing concerning my background, character, and conduct, provided the information is reliable, 18 U.S.C. § 3661. I do understand that if I am subject to sentencing under the Sentencing Reform Act and the Sentencing Guidelines issued by the United States Sentencing Commission, a sentencing guideline range is established. The Judge will consider a sentence from within the guideline range and, if my case presents features which persuade the Judge to vary from the guideline range the Judge could impose a sentence either above or below the recommended guideline range. In determining the guideline range, any variance, and the sentence to impose, the Court may take into account all relevant criminal conduct, which may include counts to which I have not pled guilty or been convicted, and take into account background characteristics, unless otherwise prohibited by law. I further understand that my background characteristics including, but not limited to, the recency and frequency of my prior criminal record, whether or not a substantial portion of my income resulted from criminal conduct, my role in the offense, victim-related circumstances, and my acceptance of responsibility for the offense, may have a specific effect on the sentence.

I hope to receive leniency, but I am prepared to accept any punishment permitted by law which the Court sees fit to impose. However, I respectfully request the Court to consider, in mitigation of punishment, that I have voluntarily entered a plea of guilty.

(17) I understand that a U.S. Probation Officer will be assigned to conduct a thorough presentence investigation to develop all relevant facts concerning my case, unless the Court finds that there is in the record sufficient information to enable the meaningful exercise of sentencing authority pursuant to 18 U.S.C. § 3553. The report of the presentence investigation shall contain the factors set forth in Rule 32. These include the classification of the offense and of the defendant under the categories established by the Sentencing Commission, the kinds of sentence available to the Court, and the sentencing range the officer believes applicable. The report shall include the history and characteristics of the defendant, and such other information required by the Court recognizing the factors set forth in paragraph (16) above.

(18) My plea of guilty is/is not the result of my plea agreement entered into between the Government attorney, my attorney, and me.

If my plea of guilty is the result of a plea agreement, I hereby state that the terms of said agreement are as follows:

See attached plea agreement.

I fully understand that the Court is not bound by the terms of the plea agreement, and may accept or reject said agreement. If the Court rejects the agreement, I also understand the Court will not give me the opportunity to withdraw my plea of guilty, unless the plea agreement, signed by all parties, is executed in accordance with Federal Rules of Criminal Procedure, Rule 11(c)(1)(A) or Rule 11(c)(1)(C).

(19) I believe that my lawyer has done all that anyone could do to counsel and assist me, AND I AM SATISFIED WITH THE ADVICE AND HELP HE HAS GIVEN ME.

(20) I know that the Court will not permit anyone to plead "GUILTY" who maintains he/she is innocent and, with that in mind, and because I am "GUILTY" and do not believe I am innocent, I wish to plead "GUILTY", and respectfully request the Court to accept my plea of "GUILTY" and to have the Clerk enter my plea of "GUILTY" as follows.[2]

_Guilty to Count 1 of the Superseding Indictment_.

(21) My mind is clear, I am not under the influence of alcohol. I currently am not under a doctor's care. The only drugs, medicines or pills that I took within the past seven (7) days are:

_none_.

(22) I have never been confined in an institution for the treatment of mental illness. I have never been adjudicated mentally incompetent. No psychiatrist, physician, or psychologist has ever found me to be mentally ill. I know of no reason why my mental competence at the time of the commission of the alleged offense(s), or at the present time, should be questioned. (If there are any exceptions to the above statement, explain below.)

(23) I offer my plea of "GUILTY" freely and voluntarily, and further state that my plea of guilty is not the result of any force or threats against me, or of any promises made to me other than those noted in this petition. I further offer my plea of "GUILTY" with full understanding of all the matters set forth in the Indictment, in this petition, and in the certificate of my attorney which is attached to this petition.

---

[2] _The defendant's plea of "GUILTY" or "NOT GUILTY" to each offense should be entered in the blank spaces provided in paragraph (20). If the Indictment charges a single offense, a defendant who wishes to plead "GUILTY" should write in paragraph (20) "GUILTY as charged in the Indictment." If more than one offense is charged, the defendant may write in paragraph (20) "GUILTY as charged in Count(s) _____," "NOT GUILTY as charged in Count(s) _____."_

(24)  I waive the reading of the Indictment in open court, and I request the Court to enter my plea of "GUILTY" as set forth in paragraph (20) of this petition.

(25)  I swear that I have read, understood, and discussed with my attorney, each and every part of this Petition to Plead Guilty, and that the answers which appear in every part of this petition are true and correct.

Signed and Sworn to by me in open court, in the presence of my attorney, this _4_ day of _November_ , 20_10_.


_Alfonso . Rubio . Ayala_
(Defendant)


Subscribed and  Sworn to before me this _4th_ day of _November_,20 _10_.

_Pamela Statton_
(Deputy Clerk)

## CERTIFICATE OF COUNSEL

The undersigned, as lawyer and counselor for the defendant _Alfonso Rubio-Ayala_ hereby certifies:

(1)   I have read and fully explained to the defendant the allegations contained in the Indictment in this case.

(2)   To the best of my knowledge and belief, the statements, representations and declarations made by the defendant in the foregoing petition are in all respects accurate and true.

(3)   I explained the maximum penalty for each count to the defendant.

(4)   The plea of "GUILTY" offered by the defendant in paragraph (20) accords with my understanding of the facts he/she related to me and is consistent with my advice to the defendant.

(5)   In my opinion, the defendant's waiver of reading of the Indictment in open court as provided by Rule 10 is voluntarily and understandingly made, and I recommend to the Court that the waiver be accepted.

(6)   In my opinion, the plea of "GUILTY" offered by the defendant in paragraph (20) of the petition is voluntarily and understandingly made.  I recommend that the Court accept the plea of "GUILTY."

(7)   I have made no predictions or promises to the defendant concerning any sentence the Court may award, except as noted in the space below:

I have discussed with my client how the Sentencing Guidelines may apply in his case.

(8)   I further represent to the Court that the defendant's plea of "GUILTY" is the result of a plea agreement.  The terms of the agreement are set out in paragraph (18) of the petition, and I have informed the defendant that the Court is not bound by the terms of the agreement and that if the Court rejects the agreement, the Court will not give him/her the opportunity to withdraw his/her plea of "GUILTY," unless the plea agreement, signed by all parties, is executed in accordance with Federal Rules of Criminal Procedure, Rule 11(c)(1)(A) or Rule 11(c)(1)(C).

Signed by me in open court in the presence of the defendant above named and after full discussion of the contents of this certificate with the defendant, this _____4_____ day of _November_____, 20 _10_ .

_____
(Attorney for the Defendant)

ORDER

I find that the plea of guilty was made by the defendant freely, voluntarily, and because he/she is guilty as charged, and not out of ignorance, fear, inadvertence or coercion, and with full understanding of its consequences. I further find that the defendant has admitted the essential elements of the crime charged and is mentally competent.

IT IS THEREFORE ORDERED that the defendant's plea of "GUILTY" be accepted and entered as prayed for in the petition and as recommended in the certificate of his/her lawyer.

Done in open court this _4th_ day of _November_, 20 10 .

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(TOPEKA DOCKET)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.   09-40041-02-JAR |
| | ) | |
| ALFONSO RUBIO-AYALA, (2) | ) | |
| a.k.a. "Poncho," | ) | |
| a.k.a. "Paisa," | ) | |
| Defendant. | ) | |
| | ) | |

## PLEA AGREEMENT

The United States of America, by and through Assistant United States

Attorney, Gregory G. Hough, and the defendant, ADAN MOLINA, personally

and by and through defendant's counsel, Stephen W. Kessler, hereby enter into

the following plea agreement pursuant to Rule 11 of the Federal Rules of

Criminal Procedure:

**1.    Defendant's Guilty Plea.**

The defendant agrees to plead guilty to Count 1 of the Superseding

Indictment charging a violation of Title 21, United States Code, Section 846, with

reference to Title 21, United States Code, Section 841(b)(1)(A), and Title 18, United

States Code, Section 2, that is, conspiracy to possess with the intent to distribute and dispense 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. By entering into this plea agreement, the defendant admits to knowingly committing this offense, and to being guilty of this offense. The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Superseding Indictment to which the defendant has agreed to plead guilty is not less than ten (10) years nor more than life imprisonment, at least five (5) years supervised release in addition to any term of imprisonment ordered by the court, a $4,000,000 fine, and a mandatory assessment of $100.00 immediately to the crime victims fund. The remaining charges pending against the defendant in this matter shall be dismissed at the time of the sentencing in this matter.

### 2.   **Factual Basis for the Guilty Plea.**

The defendant hereby agrees and stipulates that had this matter proceed to trial, the government would present the following evidence, beyond a reasonable doubt, and that said evidence would prove him guilty as to each of the essential elements of Count 1 of the Superseding Indictment, beyond a reasonable doubt:

The parties incorporate by reference as though fully restated at this time trial evidence in this matter and the affidavit of John Shannon, D.E.A., filed in support of the search warrants executed at Great Bend, Kansas. *See* D.Kan. Nos. 09-5035M-01-KGS, 09-5036M-01-KGS, 09-5037M-01-KGS, and 09-5038M-01-KGS.

Between June 15, 2008, and June 17, 2009, Rubio-Ayala participated in an organization that distributed methamphetamine from Mexico, to Arizona, to Great Bend, Kansas, Topeka, Kansas and Kansas City, Kansas. The amounts of methamphetamine distributed during the course of this conspiracy exceeded 500 grams. Indeed, at the conclusion of this investigation, lawful search warrants were executed at the co-conspirators' respective residences and at stash houses associated with this organization, based in part on the aforementioned affidavit. At that time, pursuant to said lawful search warrants, D.E.A. seized approximately $694,000 in U.S. Currency, numerous firearms, several vehicles, and approximately 10 pounds of methamphetamine.

3.   **Application of the Sentencing Guidelines.**

The parties request that the United States Sentencing Guidelines (Guidelines) be applied by the Court to calculate the applicable sentence in this case and that a sentence consistent with the Guidelines be imposed by the Court. The defendant further waives any right to have facts that determine the offense level under the Guidelines alleged in an indictment and found by a jury beyond a reasonable doubt; agrees that facts that determine the offense level will be found by the Court at sentencing by a preponderance of the evidence and agrees

3

that the Court may consider any reliable evidence, including hearsay; and the defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The parties further agree to request a sentence within the guideline range determined to be appropriate by the U.S. Probation Department. In other words, the United States will not request a sentence in excess of the high end of the guideline range and the defendant will not request a sentence below the low end of the guideline range. The parties understand this agreement binds the parties only and does not bind the Court.

### 4.    **Relevant Conduct**.

The parties have agreed to the application of the Guidelines and therefore both the United States and the defendant understand that the conduct charged in any dismissed counts of the indictment is to be considered as well as all other uncharged related criminal activity as relevant conduct for purposes of calculating the offense level for Count 1, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

### 5.    **Government's Agreements**.

In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

    a.      To not file any additional charges against the defendant arising out of the facts forming the basis for the present Superseding Indictment and to dismiss the remaining charges pending against this defendant in this matter at the time of his sentencing.

The government's obligation concerning its agreements listed in ¶ 5 are contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States. If the defendant denies or gives conflicting statements as to his/her involvement, falsely denies or frivolously contests relevant conduct that the court determines to be true, willfully obstructs or impedes the administration of justice as defined in U.S.S.G. § 3C1.1 (or willfully attempts to do so), or engages in additional criminal conduct, the United States reserves the right to request a hearing to determine if the defendant has breached this agreement.

In the event the Court finds the defendant has breached this plea agreement or has otherwise failed to adhere to its terms, the United States shall not be bound by this paragraph and may pursue any additional charges arising from the criminal activity under investigation as well as any perjury, false statement, or obstruction of justice charges which may have occurred. The

defendant understands and agrees that in the event the defendant violates this plea agreement, all statements made by the defendant subsequent to the execution of this plea agreement, any testimony given by defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against the defendant in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements made by the defendant subsequent to this plea agreement.

### 6.     **Sentence to be Determined by the Court.**

The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence the defendant will receive.

### 7.     **Information Provided by Defendant.**

The United States agrees not to use new information the defendant provides about the defendant's own criminal conduct except as specifically authorized by U.S.S.G. § 1B1.8. As such, this information may be revealed to

the Court but may not be used against the defendant in determining the defendant's applicable guideline range or departing above his/her guideline range. Defendant understands and agrees, however, that under U.S.S.G. § 1B1.8, there shall be no such restrictions on the use of the information: (1) previously known to the United States; (2) revealed to the United States by, or discoverable through, an independent source; (3) in a prosecution for perjury or giving a false statement; or (4) in the event there is a breach of this agreement.

**8.      Identification of Assets.**

The defendant agrees to cooperate fully with the United States Attorneys Office and specifically:

A.      Provide a financial statement on a form approved by the USAO that discloses all assets in which defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party, as well as any transfer of assets that has taken place within 3 years preceding the entry of this plea agreement.

B.      Submit to an examination, which may be taken under oath and may include a polygraph examination.

C.     Acknowledges that any waivers, consents, or releases signed by the defendant for purposes of the Presentence Investigation Report extends to the USAO.

D.     Will not encumber, transfer, or dispose of any monies, property or assets under his/her custody or control, without written approval from the USAO.

E.     The defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.  If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

F.     The defendant authorizes the U.S. District Court to release the funds posted as security for his/her appearance bond in this case to be applied

8

to satisfy the financial obligations of the defendant, pursuant to the judgment of the Court.

       G.    The defendant waives any requirement for demand of payment on any fine, restitution, or assessment the District Court announces on the record the day of sentencing.

### 9.    **Withdrawal of Plea Not Permitted.**

The defendant understands that if the court accepts this plea agreement but imposes a sentence with which the defendant does not agree, the defendant will not be permitted to withdraw this plea of guilty.

### 10.    **Payment of Special Assessment.**

The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against the defendant at the time of sentencing. The defendant agrees to deliver to the clerk of the court payment in the appropriate amount no later than the day of plea. If the defendant fails to make full payment of the special assessment the United States will no longer be bound by the provisions contained in Section 5 of this agreement. The burden of establishing an inability to pay the required special assessment lies with the defendant.

9

## 11.   <u>Waiver of Appeal and Collateral Attack</u>.

The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release.  The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.   By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court.  The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b).   In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.   However, if the United States

10

exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

### 12.    Waiver of F.O.I.A. Request.

The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552, or the Privacy Act of 1974, Title 5, U.S.C. § 552a.

### 13.    Waiver of Claim for Attorney's Fees.

The defendant waives all claims under the Hyde Amendment, Title 18, U.S.C. § 3006A, for attorneys fees and other litigation expenses arising out of the investigation or prosecution of this matter.

### 14.    Full Disclosure by United States.

The defendant understands the United States will provide to the court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information

11

concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty. The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office.

**15.     Deportation Consequences.**

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Indeed, because defendant is pleading guilty to a violation of 21 U.S.C. § 846, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including

12

his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

**16.    Parties to the Agreement.**

The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

**17.    No Other Agreements.**

The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that  he/she has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties.

The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.


GREGORY G. HOUGH, #12860
Assistant U.S. Attorney
444 S.E. Quincy, Ste. 290
Topeka, KS.  66683

Date: 11/4/10


Randy Hendershot
Criminal Chief/Supervisor

Date: 11/4/10


ALFONSO RUBIO-AYALA
    a.k.a. "Poncho,"
    a.k.a. "Paisa,"
Defendant

Date: 11/44/10


Stephen W. Kessler
3360 S.W. Harrison
Topeka, KS.  66611-2213
Attorney for defendant
Ks.S.Ct.# 09547

Date: 11/4/10

14