**Stephen W. Kessler #8547**
3360 SW Harrison
Topeka, Kansas 66611
(785)266-5922

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
TOPEKA DOCKET

**UNITED STATES OF AMERICA,**
     **Plaintiff**

    vs.                Case No. 09-40041-02-JAR

**ALFONSO RUBIO-AYALA,**
     **Defendant**

**OBJECTIONS TO PRESENTENCE REPORT
AND REQUEST FOR VARIANCE**

**COMES NOW** the defendant, by and through counsel, and makes the following objections to the Presentence Report prepared in this case:

  1.  The defendant should receive a downward adjustment of two points under the United States Sentencing Guidelines for acceptance of responsibility.

  As the Presentence Report correctly notes, the defendant entered his plea in this case after presentation of evidence by the government had begun. In support of its recommendation that such an adjustment not be made in this case, the Presentence Report cites several cases from the Seventh Circuit decided 10 to 12 years ago.

  §3 E 1.1 of the U.S. Sentencing Guidelines 2009 edition divides the adjustment for acceptance of responsibility into two parts. Under subsection (a), the offense level is decreased by two levels if the defendant clearly demonstrates acceptance of responsibility for his offense. Under subsection (b) the defendant may qualify for an additional one

point adjustment if his offense level is 16 or greater and he timely notified the government of his intent to enter a plea of guilty thereby allowing the government and the Court to responsibly allocate resources. Here the defendant clearly has admitted his responsibility and qualifies for a two point adjustment under U.S.S.G. §3 E 1.1 (a). While the application notes to §3 E 1.1 indicate that timeliness is a consideration, entry of a plea at the 11th hour should not prevent the application of an adjustment for acceptance of responsibility. See for example *United States v. Chacon-Orozco*, No. 09-2236 (10th Circuit, December 1, 2010).

By entering a plea of guilty when he did, the defendant saved, by the governments estimate, an additional 6 to 7 weeks of trial in this case.

2.   The Presentence Report proposes a two point enhancement for possession of a firearm. The defendant is aware of the 10th Circuit cases cited in the addendum to the Presentence Report and other Circuit Court opinions indicating that constructive possession of a firearm and foreseeability of possession of firearms by one's co-defendants are sufficient to preclude a finding on appeal of procedural unreasonableness if the enhancement is applied in such circumstances. However, the defendant believes that the Court is not required to apply this enhancement in the circumstances of this case and the defendant requests that the enhancement not be applied.

There is no indication in the evidence that this defendant ever personally carried a gun during any drug transactions or stored a gun with drugs or participated in any transactions where a co-defendant was armed.

3.   The defendant objects to a four level increase for his role in the offense. While defendant has admitted his guilt and accepted responsibility for his actions, he

maintains that he was not an organizer or leader of the criminal activity in this case. While the Presentence Report notes that some confidential informants told government investigators that this defendant was a partner of defendant Molina and on one occasion asked another participant to wire money to someone who needed to return from Mexico, it does not specify how this made him an organizer or leader rather than a manager or supervisor.  It is the defendant's position that he was a participant but he was not involved in overseeing or managing other defendants.  Despite the apparent remarks of these confidential informants, extensive wiretaps, interviews and other evidence gathered by the government in this case do not verify that this defendant exercised any management or leadership role.

The addendum to the Presentence Report adequately addresses defendant's objections to an enhancement where the offense involves importation of methamphetamine from another country and defendant's lack of knowledge concerning the house located on 57th street in Kansas City, Kansas.

Should the Court determine that the Presentence Report has properly calculated the offense level in this case,  the defendant requests that the Court consider imposing a sentence that varies from that suggested by the guidelines.

While the Court is required to consider the sentencing guidelines in determining an appropriate sentence under 18 U.S.C. §3553(a), the Court may impose a sentence that varies from those guidelines in an appropriate case.  §3553 requires a sentence that is sufficient but not greater than necessary to comply with the purposes set out in subparts (1) through (7).

Alfonso Rubio-Ayala has no prior criminal history. He is subject to deportation upon completion of any sentence imposed in this case.

Unlike many defendants that come before this Court and some of the co-defendants in this case, Alfonso Rubio-Ayala has been at various times during his residency in the United States gainfully employed. Since arriving in the United States he got married and fathered two children whom he has supported. Whether the Court determines that an adjustment for his role in the offense is appropriate under the guidelines or not, it is obvious that this defendant was not one of the kingpins in this case.

The Court should also consider the sentence given in other cases associated with this one. Rosendo Figueroa-Banuelos was sentenced to 72 months imprisonment for his participation as a co-defendant in this case. Pascual Vazquez-Villa was accused in United States District Court Case No. 09-40061 of being a manager or leader in the same organization in which the defendant participated. After conviction at trial, Mr. Vazquez-Villa was sentenced to a term of 25 years imprisonment. Imposition of a life sentence in this case as suggested by the Presentence Report would create an unnecessary and unjustified disparity in sentences.

Although the Court is obliged to consider all of the sentencing factors outlined in §3553(a) in the Sentencing Guidelines, the Court is not prohibited from including in that consideration its own sense of what is a fair and just sentence under all the circumstances. The defendant suggests that a life sentence for a first offense is not a fair and just sentence.

.

Respectfully submitted,

**s/Stephen W. Kessler**
Stephen W. Kessler #8547
3360 SW Harrison
Topeka, Kansas 66611
(785)266-5922
Fax: (785)267-6384
swk@twinlakeslaw.com
Attorney for Defendant
Alfonso Rubio-Ayala

### CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2011, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Gregory Hough
Assistant U.S. Attorney
290 U.S. Courthouse
444 SE Quincy
Topeka, Kansas  66683-3952
Greg.Hough@usdoj.gov
Attorney for Plaintiff

**s/Stephen W. Kessler #8547**

5