IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(TOPEKA DOCKET)

| | |
|---|---|
| UNITED STATES OF AMERICA,　　　　) | |
| 　　　　　　　　　　Plaintiff,　　) | |
| 　　　　　　　　　　　　　　　　) | |
| 　　vs.　　　　　　　　　　　　) | Case No. <u>09-40041-02-JAR</u> |
| 　　　　　　　　　　　　　　　　) | |
| ALFONSO RUBIO-AYALA, (2)　　　　) | |
| 　　a.k.a. "Poncho,"　　　　　　) | |
| 　　a.k.a. "Paisa,"　　　　　　　) | |
| 　　　　　　　　　　Defendant.　) | |
| _____) | |

**GOVERNMENT'S RESPONSE TO
<u>DEFENDANT'S SENTENCING MEMORANDUM</u>**

The United States of America, by and through Barry R. Grissom, United States Attorney for the District of Kansas, and Gregory G. Hough, Assistant United States Attorney for said District, respectfully responds to the sentencing memorandum filed by the defendant in this matter, as follows:

1.　　Defendant's first objection is he believes that he should receive a downward adjustment of two points under the United States Sentencing Guidelines for acceptance of responsibility.  He notes that he entered his plea in this case after presentation of evidence by the government had begun.  However, he omits that the plea came after the government had introduced evidence of all

the controlled substances, drug proceeds, documents and firearms seized from the search warrants conducted at his residence, the residences of his respective co-conspirators, their vehicles and stash houses.  He challenges the Presentence Report writer's reliance upon "several cases from the Seventh Circuit decided 10 to 12 years ago," but does not recognize that those cases have never been overruled.

The cases cited in the PSIR are directly on point here.  In *United States v. Wallace*, 280 F.3d 781 (7th Cir. 2002), the defendant entered a plea after the court had assembled the jury panel. In *Wallace*, the Court cited three reasons why the defendant should not receive credit for acceptance of responsibility. The third reason was his failure to enter the plea in a timely manner. "Such eleventh-hour tactics do not warrant the acceptance of responsibility departure." In *United States v. Carrera*, 259 F.3d, 818, 57 Fed. R. Evid. Serv. 878 (7th Cir. 2001) the defendant was denied credit for accepting responsibility after he plead guilty on the second day of his trial. The court stated the defendant was not entitled to a reduction. To be able to establish acceptance or responsibility the defendant must have "(1) clearly recognized and accepted responsibility for his conduct; (2) timely notified authorities of his intention to enter a plea of guilty;

2

and (3) truthfully admitted the conduct comprising the offense of conviction and

admitted ... the relevant conduct as it relates to the offense of conviction."

*United States v. Sierra*, 188 F.3d 798, 804 (7th Cir.1999). This reasoning is

sound. *See also*, *United States v. Bucio*, 377 Fed.Appx. 782, 789 (10th Cir.

2010) (unpublished).

> "A defendant who enters a plea of guilty is not entitled to an
> adjustment under [§ 3E1.1] as a matter of right." U.S.S.G. § 3E1.1
> comment. (n.3). Rather, the "[e]ntry of a guilty plea prior to the
> commencement of trial combined with truthfully admitting the
> conduct comprising the offense of conviction, [and any relevant
> conduct thereto] will constitute significant evidence of acceptance
> of responsibility for purposes of [ § 3E1.1(a)]." Id. § 3E1.1(a)
> comment. (n.3) (emphasis added). The evidence of a guilty plea
> "may be outweighed by conduct of the defendant that is inconsistent
> with such acceptance of responsibility." *Id.*
>
> When a defendant does not truthfully admit his involvement
> in the charged crimes, he is not entitled to an acceptance of
> responsibility adjustment. *United States v. Bindley*, 157 F.3d 1235,
> 1241 (10th Cir.1998). Similarly, we have recognized that a
> defendant is not entitled to an acceptance of responsibility
> adjustment when he has admitted wrongdoing, but his admissions
> are untimely and incomplete. *United States v. McMahon*, 91 F.3d
> 1394, 1397 (10th Cir.1996). Thus, when a defendant does not
> truthfully and completely admit his involvement in the offense, he
> has failed to carry his burden of demonstrating "'recognition and
> affirmative acceptance of personal responsibility for his criminal
> conduct.'" *Bindley*, 157 F.3d at 1241 (*quoting United States v.
> McAlpine*, 32 F.3d 484, 489 (10th Cir.1994)).

*United States v. Topete-Plascencia*, 351 F.3d 454, 460 (10th Cir. 2003)

(footnote omitted), *cert. denied*, 124 S.Ct. 2049 (2004).

It is clear that Rubio-Ayala did not enter his plea in a timely manner and therefore does not qualify for the adjustment. Further, as his objections demonstrate, Rubio-Ayala continues to deny numerous aspects of his relevant conduct. For all of the above-stated reasons, this objection should be summarily overruled, denied and dismissed.

2.     Defendant objects to the proposed two point enhancement for possession of a firearm. Defendant acknowledges the Tenth "Circuit cases cited in the addendum to the Presentence Report and other Circuit Court opinions indicating that constructive possession of a firearm and foreseeability of possession of firearms by one's codefendants are sufficient to preclude a finding on appeal of procedural unreasonableness if the enhancement is applied in such circumstances. However, the defendant believes that the Court is not required to apply this enhancement in the circumstances of this case and the defendant requests that the enhancement not be applied." He argues that the enhancement should not be applied because "this defendant ever personally carried a gun during any drug transactions or stored a gun with drugs or participated in any transactions where a co-defendant was armed."

4

As the PSIR notes, it is clear from the March 7, 2009, conversation, co-conspirators possessed firearms during the conspiracy. As Mr. Rubio-Ayala is a leader or organizer in this conspiracy, he is accountable for the firearms the group was using to protect the illegal narcotics. Further, the two level firearm enhancement may also be attributed to the defendant if the weapon was possessed by a co-conspirator or co-defendant. The adjustment applies to all "relevant conduct," which includes "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. §1B1.3(a)(1)(B). Further, "in a drug conspiracy conviction the [firearm] adjustment should be applied unless it is clearly improbable that the weapon was connected with the conspiracy offense." *United States v. Humphrey*, 208 F.3d 1190, 1210 (10th Cir. 2000). Further, in *United States v. Moreira*, 2008 WL 4787157 (10th Cir. 2008), the Court indicated that the two-level enhancement for firearm possession in connection with a drug trafficking offense applied where guns were hidden in co-conspirators' homes with drugs, even though there was no evidence the defendant knew about the guns. The gun possession was reasonably foreseeable because the DEA agent testified large narcotics traffickers almost always carry weapons with them. In

5

*Moreira*, there was no evidence the defendant was aware of the weapons. In this matter, due to the numerous firearms recovered and discussions during cellular telephone calls, it is clear that firearms were possessed by co-conspirators and this information was actually known to and reasonably foreseeable to the defendant. Further, a firearm was found in this defendant's residence, which closely resembled firearms seized from Molina's residence where approximately $692,000 currency and approximately ten pounds of methamphetamine were also seized. Finally, the wiretaps are replete with conversations that Rubio-Ayala was a party to wherein he openly discussed obtaining firearms. Here, is cannot seriously be argued that Rubio-Ayala was not fully aware of firearms possessed by himself and co-conspirators during and in relation to, and in furtherance of this conspiracy.

For all of the above-stated reasons, this objection should be summarily overruled, denied and dismissed.

3.    Defendant objects to the four level increase for his role in the offense. Defendant does not offer any contrary facts. It is the conclusion drawn from these facts to which he is objecting. "[B]ut these alone do not constitute 'specific allegations' of factual inaccuracy in the presentence report necessary 'to

[even] invoke the district court's Rule 32 fact-finding obligation.'" *United States v. Chee*, 514 F.3d 1106, 1115 (10th Cir. 2008) (*quoting United States v. Rodriguez-Delma*, 456 F.3d 1246, 1253 (10th Cir. 2006))  "The district court 'may accept any undisputed portion of the presentence report as a finding of fact.' Fed.R.Crim.P. 32(i)(3)(A)." *Id.*

Factually, both Renato Garcia-Median (identified in the PSIR as CS1) and CS3 identified Mr. Rubio-Ayala as a partner to Adan Molina. Both stated Molina and Rubio-Ayala worked together to lead the conspiracy. Further, on December 29, 2008, Rubio-Ayala placed a telephone call to Beto LNU and asked Beto to send $1,000.00 of United States Currency, derived from narcotics transactions, to Garcia-Medina, in Mexico.  This action confirms Mr. Rubio-Ayala's ability to direct and lead, as reported by CS1 and CS3. Further, Gary Heath (identified in the PSIR as CS2) reported upon Rubio-Ayala's trip to Mexico, Heath was told to contact Molina for further narcotics transactions. These statements corroborate each other substantially.  These are not unknown and/or unidentified informants.  Fully aware of the substance of the statements of these men, and fully aware that these men would testify against him at the trial of this matter, this defendant chose instead to enter a guilty plea and face

a Presentence Report which contained a synopsis of the proffered trial testimonies of these men.   His challenges now are specious, and fully demonstrate why he is not entitled to any relief for acceptance of responsibility. For these reasons, it is abundantly clear that this defendant was a leader or organizer in this conspiracy.

For all of the above-stated reasons, it is respectfully submitted that this objection should be summarily overruled, denied and dismissed, as moot.

4.   The defendant acknowledges that the Presentence Report "adequately addresses defendant's objections to an enhancement where the offense involves importation of methamphetamine from another country" and his alleged lack of knowledge concerning the house located on 57th street in Kansas City, Kansas.  (Doc. 331 at 3).  This does not constitute "'specific allegations' of factual inaccuracy in the presentence report necessary 'to [even] invoke the district court's Rule 32 fact-finding obligation.'"  United States v. Chee, 514 F.3d 1106, 1115 (10th Cir. 2008) (quoting United States v. Rodriguez-Delma, 456 F.3d 1246, 1253 (10th Cir. 2006))  "The district court 'may accept any undisputed portion of the presentence report as a finding of fact.' Fed.R.Crim.P. 32(i)(3)(A)."  Id.  Accepting these undisputed portions of

the Presentence Report as a finding of fact results in the same outcome reached by the Presentence writer.

For all of the above-stated reasons, it is respectfully submitted that defendant's objections to the enhancements for importation of methamphetamine and for drugs found at conspiratorial residences other than the one he occupied at the time of his arrest should be summarily overruled, denied and dismissed.

5.     Finally, defendant seeks a variance to anything other than that recommended by the Presentence writer and the PSIR, which is life imprisonment.   (Doc. 331 at 4-5).   However, this defendant agreed to a Guidelines sentence in this matter.  (Plea agreement, ¶ 3).  Thus, this request should be summarily overruled, denied and dismissed for this reason, alone.

Defendant alleges that a "variance" is appropriate because he has no prior criminal history;  is subject to deportation;  has sometimes had legitimate employment; is married and has two children;  and other, lesser, co-conspirators have received sentences less than life imprisonment.  These are essentially policy statement arguments.   "[T]he general policy statements apply to departures, but the district court has a freer hand when it comes to variances and may consider these factors as part of the nature and circumstances of the offense

9

and the history and characteristics of the defendant in fashioning a reasonable sentence consistent with the overall objectives of § 3553(a).   While we appreciate the importance of such policy statements, the district court could give some consideration to these factors as part of the § 3553(a)(1) analysis." *United States v. Tom*, 327 Fed.Appx. 93, 97-98, 2009 WL 1705604 (10th Cir. 2009) (unpublished), *citing United States v. Davis*, 537 F.3d 611, 616-17 (6th Cir. 2008).   Thus, it is a departure, not a variance, which defendant seeks.   However, defendant has agreed to "not request a sentence below the low end of the guideline range." (Plea agreement, ¶3).   Thus, this request should be summarily overruled, denied and dismissed on this basis, alone.

Finally, the facts in this matter, and those found by Judge Crow in *United States v. Vazquez-Villa*, D.Kan. No. 09-40061-001-SAC, Doc. 104, clearly show that this defendant was co-leader/organizer of this substantial conspiracy with Adan Molina, to who all of the offense conduct was reasonably foreseeable or in which he personally participated.   Figueroa-Banuelos, cited by this defendant, was a mere lackey for Rubio-Ayala and Molina.   Comparison to Figueroa-Banuelos is ridiculous.   Judge Crow's findings reflect that Vazquez-Villa was a lesser participant than Rubio-Ayala and Molina and, in fact, to a degree

dependent upon them for source of supply of methamphetamine.  Comparison to Vazquez-Villa is likewise ridiculous and, additionally, is barred by Judge Crow's rulings to the contrary.

For all of the above-stated reasons, defendant's request for a downward variance, or for a downward departure, should be summarily overruled and denied.

WHEREFORE, the United States respectfully requests that this court enter orders summarily overruling, denying and dismissing defendant's objections to the Presentence Report, and proceed to sentence this defendant to a term of life imprisonment.

Respectfully submitted,

BARRY R. GRISSOM
United States Attorney

s/ Gregory G.  Hough
Gregory G. Hough, #12860
Assistant U.S. Attorney
444 S.E. Quincy, Suite 290
Topeka, KS 66683
(785) 295-2850
Greg.Hough@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2011, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Stephen W. Kessler
3360 S.W. Harrison
Topeka, KS.  66611-2213
swk@twinlakeslaw.com
Attorney for Rubio-Ayala

Stacey Beilman
U.S. Probation Officer
U.S. Probation Office
444 S.E. Quincy, Suite 375
Topeka, KS.  66683
Stacey_Beilman@ksp.uscourts.gov

s/ Gregory G.  Hough
Gregory G.  Hough, #12860
Assistant U.S. Attorney
444 SE Quincy, Rm. 290
Topeka, KS  66683
(785) 295-2850
Fax #:  (785) 295-2853
Greg.Hough@usdoj