# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | Case No. 09-40041-02-JAR |
| v. ) | Case No. 12-4139-JAR |
| ) | |
| ALFONSO RUBIO-AYALA, ) | |
| ) | |
| Defendant/Petitioner ) | |
| ) | |

## ORDER

This matter is before the Court on Petitioner Alfonso Rubio-Ayala's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 441). In his motion, Petitioner seeks relief on grounds that he was denied effective assistance of counsel with respect to his plea negotiations and waiver of post-conviction rights in the Plea Agreement. The Government has responded (Doc. 449). The Court addresses the threshold issue of whether it should grant an evidentiary hearing on Petitioner's § 2255 motion where Petitioner and his former counsel present conflicting facts about whether Petitioner requested an interpreter for meetings with counsel outside of court, whether counsel adequately advised Petitioner about the Government's evidence and theory of criminal liability during plea negotiations, and whether execution of Petitioner's waiver of post-conviction rights in the Plea Agreement was made knowingly and voluntarily. The Court finds that an evidentiary hearing is warranted because the record before the Court does not conclusively show that Petitioner is entitled to no relief on his § 2255 motion.

On April 15, 2009, Petitioner was indicted on 49 counts of methamphetamine trafficking

offenses along with nine other defendants; a superseding indictment was filed on April 7, 2010, containing 63 counts against seven defendants. In Count One, Petitioner was charged with conspiracy to possess with intent to distribute 500 grams or more of methamphetamine; the Superseding Indictment also included multiple counts of using a communication facility in committing and facilitating the conspiracy, as well as distribution and possession of methamphetamine, conducting a financial transaction affecting interstate commerce, attempting to travel from Kansas to Arizona with the intent to promote, manage, establish and carry on the conspiracy, distribution of methamphetamine, and possession of firearms by an illegal alien.[1] Petitioner was represented throughout these proceedings by Stephen Kessler. A court-appointed interpreter was provided at all of Petitioner's court appearances, including trial and the plea hearing. Prior to trial, Petitioner rejected several plea agreements proposed by the Government.

On November 1, 2010, a jury trial commenced against Petitioner and his remaining co-defendant, Aden Molina.[2] On November 4, 2010, after several Government witnesses had testified, Petitioner entered a guilty plea to Count One of the Superseding Indictment, conspiracy to possess with the intent to distribute and dispense more than 500 grams of methamphetamine, in violation of 21 U.S.C. § 846.[3] In the Plea Agreement, Petitioner waived various appellate rights.[4] On January 24, 2011, this Court sentenced Petitioner to a term of imprisonment for life

---

[1]Doc. 143.

[2]Doc. 284. Petitioner's co-defendant and wife, Kelly Rubio, entered a plea the morning trial started; co-defendant Molina entered a guilty plea on November 4, 2010. Doc. 292.

[3]Doc. 289.

[4]*Id*. at 17, ¶ 11.

for this offense.[5]

Petitioner requests that this Court set aside his guilty plea and sentence based on two grounds of ineffective assistance of counsel in connection his plea negotiations and waiver. First, he claims that at some point during plea negotiations, the Government offered him a plea deal that did not require him to testify against his co-defendant Aden Molina and would have resulted in his serving a sentence of approximately fourteen years, which he rejected. Petitioner alleges that his counsel was ineffective for failing to explain the elements and ramifications of the conspiracy charge and failing to use an interpreter to explain or translate the evidence against him, including statements of co-conspirators. Second, Petitioner asserts that his counsel ineffectively failed to explain the nature and consequences of the appellate waiver provision in the Plea Agreement, which was never translated into Spanish. By way of relief, Petitioner requests that this Court vacate his guilty plea and "permit him to plead guilty as if he were pleading guilty at a time when the government offered a deal with stipulations for a sentence of about 14 years,"[6] or, failing that, to "reinstate his appellate rights without the appellate waivers in place."[7]

In his declarations in support of his motion,[8] Petitioner declares under penalty of perjury that he cannot read or write English and that he asked Mr. Kessler on more than one occasion to bring an interpreter when they discussed his case, but that the only time that occurred outside the

---

[5] Doc. 341.

[6] *Id*. at 4.

[7] *Id*. at 5.

[8] Doc. 441, Ex. 1.

3

courtroom was when the Probation Officer interviewed him for the Presentence Investigative Report. Petitioner states that he did not understand what Mr. Kessler was telling him and concludes that if his counsel had adequately informed him of the specifics of the Government's case against him and that his degree of involvement in the offense made him criminally liable and subject to a life sentence, he would have accepted the Government's plea offer and received a lower sentence. Petitioner further concludes that if he had understood that he was giving up his rights to appeal and collateral attack, he would never have pleaded guilty, and any responses otherwise at the plea hearing were at the prompting of counsel.

      The Government filed a response to Petitioner's motion and attached an affidavit of Stephen Kessler.[9] In his affidavit, Mr. Kessler offers a different version of the events leading up to Petitioner's guilty plea. Mr. Kessler states that immediately after being appointed to represent Petitioner, he discussed with him the need for an interpreter and Petitioner declined. Mr. Kessler states that plea agreements were offered on several occasions, but that Petitioner refused to agree to the cooperation requirement or to provide testimony against others alleged to be involved in the conspiracy. Petitioner also rejected at least one offer that did not require his cooperation or testimony. Mr. Kessler states that Petitioner maintained this position in spite of his frequent advice that the evidence against him was strong and conviction at a trial was likely. Mr. Kessler further states that he met with Petitioner on numerous occasions to review information and statements received in discovery, and that he discussed with Petitioner the elements of the offenses against him including conspiracy and the operation and application of the sentencing guidelines in this case. Mr. Kessler states the Petitioner said that he understood, but that he had

---

[9]Doc. 449, Ex. 1.

no desire to plead guilty to any of the offenses charged. Mr. Kessler states that with respect to the Plea Agreement entered after trial had commenced, he discussed with Petitioner the written proposal prepared by the Government, including the possible maximum sentence of life and waiver of appeal and post-conviction rights.

Given the factual dispute between Petitioner and his former counsel, Mr. Kessler, the Court concludes that it must conduct an evidentiary hearing in this matter. 28 U.S.C. § 2255 states: "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."[10] The Court finds a genuine factual dispute presented in Petitioner's declaration and the affidavit of Mr. Kessler, particularly Petitioner's request or need for an interpreter outside the courtroom. In addition, although neither the Government nor Mr. Kessler disputes that several plea offers were extended to Petitioner, the record does not reveal the timing or terms of any of those agreements. Accordingly, the Court cannot conclude based on the record that Petitioner is entitled to no relief under § 2255 and the Court will grant an evidentiary hearing on the question of whether Petitioner's counsel was ineffective in assisting Petitioner in plea negotiations with the Government as well as in executing the waiver provision in the Plea Agreement.

Additionally, Rule 8(c) of the Rules governing § 2255 proceedings mandates appointment of counsel if an evidentiary hearing on the motion is required. Because an evidentiary hearing is warranted in this case, the Court will appoint counsel to represent

---

[10] 28 U.S.C. § 2255.

Petitioner at the hearing.

**IT IS THEREFORE ORDERED BY THE COURT** that:

1. An evidentiary hearing is warranted on the issue of ineffective assistance of counsel in connection with plea negotiations with the Government and with execution of the waiver provisions in the Plea Agreement; and

2. The Court appoints counsel to represent Petitioner at the evidentiary hearing under 28 U.S.C. § 3006A.

**IT IS SO ORDERED.**

Dated: December 5, 2013

                                           S/ Julie A. Robinson

                                           JULIE A. ROBINSON

                                           UNITED STATES DISTRICT JUDGE